UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARAYIK K., | No. CV 18-10370-PLA |
| Plaintiff, | **MEMORANDUM OPINION AND ORDER** |
| v. | |
| ANDREW M. SAUL, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

**I.**

**PROCEEDINGS**

Arayik K.[1] ("plaintiff") filed this action on December 14, 2018, seeking review of the Commissioner's[2] denial of his application for Supplemental Security Income ("SSI") payments. The parties filed Consents to proceed before a Magistrate Judge on January 29, 2019, and March

---

[1] In the interest of protecting plaintiff's privacy, this Report and Recommendation uses plaintiff's (1) first name and middle and last initials, and (2) year of birth in lieu of a complete birth date. See Fed. R. Civ. P. 5.2(c)(2)(B), Local Rule 5.2-1.

[2] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul, the newly-appointed Commissioner of the Social Security Administration, is hereby substituted as the defendant herein.

9, 2020. Pursuant to the Court's Order, the parties filed a Joint Stipulation (alternatively "JS") on March 17, 2020, that addresses their positions concerning the disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.

## **BACKGROUND**

Plaintiff was born in 1965. [Administrative Record ("AR") at 22, 201.] He has past relevant work experience as a home attendant; as a taxi driver; as an electrician; and as a customs inspector. [Id. at 61.]

On September 30, 2010, plaintiff filed an application for SSI payments alleging that he has been unable to work since July 31, 2010. [Id. at 11.] After his application was denied initially, plaintiff timely filed a request for a hearing before an Administrative Law Judge ("ALJ"). [Id.] A hearing was held on March 14, 2012, at which time plaintiff appeared with a non-attorney representative, and testified on his own behalf. [Id. at 69.] A vocational expert ("VE") provided responses to interrogatories propounded by the ALJ. [Id.] On May 18, 2012, the ALJ issued a decision concluding that plaintiff was not under a disability since September 30, 2010, the date the application was filed ("2012 Decision"). [Id. at 69-79.] The Appeals Council denied plaintiff's request for review on July 9, 2013. [Id. at 84-88.]

On February 25, 2015, plaintiff filed a new application for SSI payments, initially alleging the same disability onset date of July 31, 2010. [Id. at 201-07.] On October 17, 2017, a hearing was held before a different ALJ, at which time plaintiff again appeared, represented by an attorney, and testified on his own behalf. [Id. at 43-65.] A different VE testified at the hearing. [Id. at 60-63.] At the hearing, the ALJ granted plaintiff's counsel motion to amend the alleged onset date to October 9, 2015. [Id. at 12, 63-64.] On January 8, 2018, the ALJ issued a decision concluding that plaintiff was not under a disability since October 9, 2015, the amended onset date. [Id. at 11-23.] On October 18, 2018, the Appeals Counsel denied plaintiff's request for review and the ALJ's decision became the final decision of the Commissioner. See Sam v. Astrue, 550 F.3d 808, 810 (9th Cir. 2008) (per curiam) (citations omitted). This action followed.

# III.

# **STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. Berry v. Astrue, 622 F.3d 1228, 1231 (9th Cir. 2010) (citation omitted).

"Substantial evidence . . . is 'more than a mere scintilla[,]' . . . [which] means -- and means only -- 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted); Revels v. Berryhill, 874 F.3d 648, 654 (9th Cir. 2017). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." Revels, 874 F.3d at 654 (internal quotation marks and citation omitted). However, the Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." Id. (quoting Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (internal quotation marks omitted)). The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." Id. (internal quotation marks and citation omitted); see also SEC v. Chenery Corp., 318 U.S. 80, 87, 63 S. Ct. 454, 87 L. Ed. 626 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses that its action was based.").

# IV.

# **THE EVALUATION OF DISABILITY**

Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment that is expected to result in death or which has lasted or is expected to last for a continuous period of at least twelve months. Garcia v. Comm'r of Soc. Sec., 768 F.3d 925, 930 (9th Cir. 2014) (quoting 42 U.S.C. § 423(d)(1)(A)).

## A.   THE FIVE-STEP EVALUATION PROCESS

The Commissioner (or ALJ) follows a five-step sequential evaluation process in assessing whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920; Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006) (citing Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999)). In the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim is denied. Lounsburry, 468 F.3d at 1114. If the claimant is not currently engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant has a "severe" impairment or combination of impairments significantly limiting his ability to do basic work activities; if not, a finding of nondisability is made and the claim is denied. Id. If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R. § 404, subpart P, appendix 1; if so, disability is conclusively presumed and benefits are awarded. Id. If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient "residual functional capacity" to perform his past work; if so, the claimant is not disabled and the claim is denied. Id. The claimant has the burden of proving that he is unable to perform past relevant work. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992). If the claimant meets this burden, a prima facie case of disability is established. Id. The Commissioner then bears the burden of establishing that the claimant is not disabled because there is other work existing in "significant numbers" in the national or regional economy the claimant can do, either (1) by the testimony of a VE, or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. part 404, subpart P, appendix 2. Lounsburry, 468 F.3d at 1114. The determination of this issue comprises the fifth and final step in the sequential analysis. 20 C.F.R. §§ 404.1520, 416.920; Lester v. Chater, 81 F.3d 721, 828 n.5 (9th Cir. 1995); Drouin, 966 F.2d at 1257.

/

/

**B.    THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

The ALJ first determined that by amending the alleged onset date, plaintiff had demonstrated a change in circumstance from the time of the first unfavorable decision due to the fact that he had changed age categories from a younger individual to an individual closely approaching advanced age as of the amended onset date. [AR at 14.] The ALJ specifically determined that (1) plaintiff had thus rebutted the presumption of continuing non-disability pursuant to Acquiescence Ruling 97-4(9) and Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988),[3] and (2) she, therefore, was not required to adopt the RFC determined by the ALJ in the May 18, 2012, decision. [AR at 14.]

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since October 9, 2015, the amended onset date. [Id.] At step two, the ALJ concluded that plaintiff has the severe impairments of diabetes; sleep apnea; kidney disease; hearing loss; organic brain syndrome; and affective disorder. [Id. at 15.] At step three, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meets or medically equals any of the impairments in the Listing. [Id.] The ALJ further found that plaintiff retained the residual functional capacity ("RFC")[4] to perform medium work as defined in 20 C.F.R. § 416.967(c),[5] except as follows:

> [He has] the ability to lift/carry 50 pounds occasionally and 25 pounds frequently; sit/stand/walk 6 hours in an 8 hour workday; avoid jobs requiring excellent hearing on the left side; avoid even moderate exposure to hazards; and limited to simple,

---

[3]  A change in age category is sufficient to rebut the Chavez presumption of continuing nondisability. See Lester, 81 F.3d at 828 (holding that res judicata did not apply where the claimant turned 50 years old after the date of the prior ALJ's decision); Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009) (same).

[4]  RFC is what a claimant can still do despite existing exertional and nonexertional limitations. See Cooper v. Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." Massachi v. Astrue, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007) (citation omitted).

[5]  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

repetitive tasks; no more than occasional contact with the public; and no more than occasional change in the workplace setting.

[Id. at 16-17.] At step four, based on plaintiff's RFC and the testimony of the VE, the ALJ concluded that plaintiff is unable to perform his past relevant work as a home attendant; as a taxi driver; as an electrician; and as a customs inspector. [Id. at 21-22.] At step five, based on plaintiff's RFC, vocational factors, and the VE's testimony, the ALJ found that there are jobs existing in significant numbers in the national economy that plaintiff can perform, including work as a "hand packager" (Dictionary of Occupational Titles ("DOT") No. 920.587-018), as a "store laborer" (DOT No. 922.687-058), and as a "dining room attendant" (DOT No. 311.677-018). [AR at 22-23.] Accordingly, the ALJ determined that plaintiff was not disabled at any time since October 9, 2015, the amended onset date. [Id. at 23.]

**V.**

**THE ALJ'S DECISION**

Plaintiff contends that the ALJ erred when she: (1) failed to consider whether plaintiff's past stroke and history of a combination of medical problems keeps him from working; (2) failed to properly address relevant lay witness testimony; (3) determined plaintiff's RFC; and (4) relied on the VE's testimony at step five. [JS at 5, 15-16.] As set forth below, the Court respectfully disagrees with plaintiff and affirms the decision of the ALJ.

**A. THE ALJ'S CONSIDERATION OF PLAINTIFF'S MEDICAL ISSUES**

With respect to this issue, plaintiff (1) summarized the severe medical issues found by the ALJ and her RFC determination; (2) stated that he was 52 years old on the date of the hearing, and had a lengthy history of health problems, including, among other things, the following: a cerebrovascular accident ("CVA") and a hemorrhagic CVA in 2010 leaving him with left-side weakness, type 2 diabetes, hypertension, hyperlipidemia, sleep apnea, deviated septum, trouble breathing, stage 1 chronic kidney disease, urinary urgency, fatigue, and anemia; (3) noted a psychological consultative examination that reflected, among other things, that plaintiff was

diagnosed with a depressive disorder and a cognitive disorder; was capable of doing simple tasks with repetitive instruction; had a slow pace and would have difficulty in fast-paced positions; had moderate difficulty understanding, remembering, and carrying out complex and detailed instructions; and had multiple medical problems that may interfere with his persistence; and (4) noted that on July 12, 2017, plaintiff's treating doctor, Vagan Khojayan, M.D., reported that plaintiff could stand one hour at a time for a total of 3 hours a day; walk for 10 minutes at a time for a total of one hour a day; lift 20 pounds occasionally and 10 pounds frequently; cannot read small print but can view a computer screen; can perform postural activities only occasionally; and can occasionally use his hands for reaching, handling, fingering, feeling, pushing and pulling. [JS at 3-5 (citations omitted).] Plaintiff "concluded" his arguments by reciting the ALJ's RFC determination that plaintiff could perform medium work and her finding that plaintiff could perform the jobs of hand packager, dining room attendant, and store laborer. [Id. at 5.]

Defendant responds that plaintiff did not allege any particular error, and recites his own testimony but does not tie that into the ALJ's rationale for finding plaintiff's testimony to be inconsistent with (1) the medical evidence, (2) his successful and conservative treatment, and (3) his demonstrated level of daily activity. [Id. at 5-6 (citing AR at 17-21).] Defendant notes that the ALJ reviewed the medical records in detail, and found them to be largely "unremarkable," with evidence of successful treatment of plaintiff's apnea, and well-controlled blood sugar. [Id. at 6-7.] Defendant also notes the ALJ's findings that plaintiff testified he could not drive but inconsistently stated to the psychological consultative examiner that he could drive; alleged he could not concentrate but gave contradictory testimony that he was able to watch three hours of videos and read for two hours a day; lived alone, which contradicted his alleged need for a caregiver; and attended family gatherings and parties, and shopped in stores once or twice per week. [Id. at 7.] Defendant also summarizes the ALJ's findings regarding the weight given to various medical opinions, and notes that plaintiff did not challenge, confront, or allege error with respect to the reasons given by the ALJ for rejecting plaintiff's testimony, or the weight the ALJ gave to the medical opinions. [Id. at 8.] Defendant also generally summarizes the ALJ's findings in these respects and concludes that the ALJ properly supported her findings regarding plaintiff's

7

testimony, the medical evidence, and the opinions of record. [Id. at 10.]

In his reply, plaintiff -- for the first time -- argues that (1) because "he agreed to an amended onset date of October 9, 2015, for payment purposes based on a changed age category [that agreement] does not preclude consideration of a combination of impairments some of which include symptoms limitations [sic] from impairments which began before the amended date"; (2) Dr. Khojayan's reports "reflect condition [sic] which have been treated overtime [sic] and continue to be treated and conditions which have resulted in limitations overtime [sic] and continuing including an earlier stroke"; (3) when determining the RFC the ALJ must consider the aggregate of mental and physical impairments and "all factors that might have a significant impact on an individual's ability to work and whether his condition as a whole would interfere with the ability to work"; (4) a claimant's "conditions must be considered in combination and must not be fragmented in evaluating their effects"; (5) the ALJ failed to adequately consider the effect of the combination of plaintiff's impairments as reflected in the treating source materials; (6) defendant supported his position by arguing that plaintiff has received only conservative treatment, but the Social Security regulations do not suggest the "type of treatment [a] claimant must undergo," and plaintiff followed the treatment prescribed by his treating physician; (7) if the ALJ needs further clarification of the medical records, she has a duty to conduct an appropriate inquiry; and (8) if the ALJ wishes to disregard the opinion of the treating physician, she must set forth specific and legitimate reasons for doing so, based on substantial evidence of record. [Id. at 10-13 (citations omitted).] He concludes in his reply, that the ALJ "failed to properly consider the record in this case and his [sic] decision is not based on substantial evidence." [Id. at 13.]

None of these arguments was apparent in plaintiff's opening statement regarding this issue. Because these contentions were raised for the first time in the reply brief, they are waived and the Court need not consider them. See Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir. 1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") (citation and internal quotation marks omitted); Thrasher v. Colvin, 611 F. App'x 915, 918 (9th Cir. 2015) (finding Social Security claims waived when raised for the first time in a reply brief) (citing Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999));

Carter v. Astrue, 413 F. App'x 899, 906 (9th Cir. 2011) (same).

In any event, although in his reply plaintiff recites a number of principles relevant to Social Security appeals, he still failed to meet his burden of showing how the ALJ violated any of these principles in making her determinations.

Accordingly, the Court finds that the ALJ did not err in her consideration of plaintiff's subjective symptom testimony, the weight given to the medical opinions of record, or the objective evidence of record, and that the ALJ's findings were supported by substantial evidence.

Remand is not warranted on this issue.

**B.    LAY WITNESS TESTIMONY**

Plaintiff argues that the ALJ disregarded the information supplied to the Administration by his mother on forms requested by the Administration "showing [plaintiff's] problems and limitations." [JS at 13 (citing AR from previous case[6]).] Plaintiff specifically states that the ALJ "improperly rejected [plaintiff's] mother's descriptions stating that the forms did not represent sworn testimony, there was a close relationship between mother and [plaintiff] and the mother's descriptions conflicted with the medical evidence." [Id. at 14 (citing AR from previous case).] He submits that none of these reasons validly discounts his mother's opinion. [Id.] He argues that case authority "*directs*" that lay witness reports "on forms supplied by SSA are not to be discounted and did not have to be fully supported by objective medical evidence or by examination records." [Id. (emphasis in original) (citing Diedrich v. Berryhill, 874 F.3d 634, 640 (9th Cir. 2017)).] He also argues that lay witnesses "will often be family members" who see a claimant every day, and that such testimony is of particular value. [Id. (citing Regennitter v. Comm'r, 166 F.3d 1294 (9th Cir. 1999)).] He concludes that the "reports and descriptions on file from [his] stepmother is [sic] material evidence supporting disability as is her hearing testimony," and it was error to give her testimony "little weight." [Id. (citing AR at 107-14 (the 2012 Decision)).]

Defendant responds that plaintiff's mother's testimony -- which was part of the record

---

[6]  The AR from plaintiff's first case is not before this Court. See discussion infra.

resulting in the previous May 12, 2012, unfavorable decision -- was *not* part of the current record. [Id. at 15.] He notes that although the 2012 Decision was part of the record, that was only because the ALJ was required to evaluate whether there was a presumption of continuing non-disability from that prior decision. [Id. (citing Chavez).] Plaintiff rebutted the presumption because his amended alleged onset date in October 2015 coincided with his 50th birthday and, therefore, constituted a changed circumstance from the prior claim. [Id. (citing AR at 14, 63).] Defendant states that the current record does not contain testimony from plaintiff's mother, who died in 2016, and notes that plaintiff did not submit his mother's testimony; thus, the ALJ did not err by not addressing it. [Id.] Additionally, defendant submits that plaintiff's argument "does not provide any citations to testimony from his mother (or stepmother, as Plaintiff alternatively describes her . . .)." [Id.]

Plaintiff responds -- without authority -- that "whatever is contained in the certified administrative record can be considered and should be considered." [Id.]

Because there was a prior unfavorable decision with respect to plaintiff's previous claim for benefits, the ALJ noted she must first determine whether or not a presumption of non-disability continues pursuant to Chavez, 844 F.2d 691 (9th Cir. 1988). [AR at 12.] She also noted that Acquiescence Ruling 97-4(9) and Chavez hold that when a final decision by an ALJ on a prior claim contained findings of the claimant's RFC, education, and work experience, the Administration may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's impairment, RFC, education or work experience. [Id. at 12-13.] A claimant may rebut the presumption by "showing a changed circumstance affecting the issue of disability with respect to the unadjudicated period, e.g., a change in the claimant's age category, . . . an increase in the severity of the claimant's impairment(s), the alleged existence of an impairment(s) not previously considered, or a change in the criteria for determining disability." [Id. at 13.] In this case, the ALJ found that plaintiff had proved a change in circumstance "from a younger individual to an individual closely approaching advanced age," and had therefore rebutted the presumption of continuing non-disability flowing from the prior final 2012 Decision. [Id. at 14.] The ALJ, therefore, "[did] not adopt the [RFC]

previously determined." [Id.]

The 2012 Decision issued on May 18, 2012, and it appears that plaintiff's mother's statement was submitted with his application for disability benefits dated September 30, 2010 [see AR at 81 (noting 3rd Party Function Report was dated on that date)], and the hearing at which she testified was held on March 14, 2012. [Id. at 69.] Although the 2012 Decision itself is part of the current record for purposes of the ALJ's Chavez determination, neither the 3rd Party Function Report nor the 2012 hearing transcript are part of this record. Indeed, the statements discounting plaintiff's mother's testimony cited to by plaintiff were made by the ALJ in the 2012 Decision. Even if the lay witness testimony were part of the record before the ALJ and the Court with respect to the current record, those statements were made years before plaintiff's amended onset of disability date of October 9, 2015. Therefore, the ALJ in the instant decision did not err in failing to consider the 2010 and 2012 lay witness testimony of plaintiff's mother.

Remand is not warranted on this issue.

**C. THE ALJ'S RFC DETERMINATION**

Plaintiff contends that the record as a whole does not support that plaintiff could perform medium work as assessed by the ALJ and deems the ALJ's RFC to be a "distortion of reality" as plaintiff is "unable to perform work of any type on a sustained basis." [JS at 16.] Plaintiff appears to primarily rely on the July 12, 2017, report of Dr. Khojayan, who opined that plaintiff could stand for one hour at a time for a total of three hours per day; could walk ten minutes at a time for a total of one hour a day; can lift twenty pounds occasionally and ten pounds frequently; can occasionally do postural activities; and can occasionally use his hands for reaching, handling, fingering, feeling, pulling, and pushing. [Id. at 17 (citing AR at 506-11).] He also notes -- without further discussion -- that several other "treating sources over the years supported [plaintiff's] medical conditions and difficulties." [Id. (citing AR at 29-42, 214, 315, 316, 330, 331, 421, 422, 506-08).] Plaintiff then discusses the factors to be considered by an ALJ in assessing a claimant's RFC, and the meaning of a limitation to unskilled or simple work as being "insufficient to account adequately for deficits in the mental abilities required to engage in competitive employment." [Id. at 17-19 (citations

omitted).] Plaintiff summarily concludes that the ALJ failed to properly assess plaintiff's RFC. [Id. at 19 .]

Defendant notes that plaintiff did not contest the ALJ's RFC finding "apart from asserting that it 'is a distortion of reality.'" [Id. at 19.] He states that although plaintiff discusses a limitation to simple or unskilled work, and cites to various out-of-circuit precedent, the ALJ "did not limit Plaintiff to these work categories," but did find that he was limited to "simple, repetitive tasks, no more than occasional contact with the public, and no more than occasional changes in the workplace setting." [Id. at 20 (citing AR at 16-17).] The ALJ also determined that plaintiff had no more than mild problems with concentration, persistence, and pace, a finding that plaintiff did not challenge. [Id. at 20-21 (citing AR at 16).] Defendant submits that plaintiff's mental capacities were properly considered by the ALJ in making her RFC finding.

In his reply, plaintiff states "See reply argument to Issue No. one." [Id. at 21.]

The arguments plaintiff made in his reply argument with respect to issue number one fare no better with respect to his third issue. None of the arguments made in that reply was apparent in plaintiff's opening statement regarding issue number three and, because these contentions were raised for the first time in the reply brief, they are waived and the Court need not consider them. See Eberle, 901 F.2d at 818.

In any event, plaintiff's arguments in his reply to the first issue discussed herein have no bearing on issue number three. And, although in his opening statement for issue number three plaintiff recites a number of principles relevant to Social Security appeals and to an ALJ's RFC determination, for the reasons cited by defendant, he nevertheless again failed to meet his burden of demonstrating that the ALJ violated any of these principles in making her RFC determination.

Remand is not warranted on this issue.

**D.  STEP FIVE DETERMINATION**

Plaintiff contends that the hypothetical posed to the VE did not reflect the scope and nature of plaintiff's combination of impairments and his needed medical treatment in excess of once a month. [JS at 21-22.] He states that the VE was not "asked to consider [plaintiff's] slowness,

being off task a percentage of the day and the inability to sustain work activity on a daily, weekly or monthly basis due to symptom limitations and medical attention." [Id. at 22 (citing AR at 60-63).] He submits that because the hypothetical questions to the VE failed to set out all of his impairments, the "answers to questions on which the VE gave and on which the ALJ relied do not reflect the nature and scope of [plaintiff's] limitations and the VE's testimony can not constitute substantial evidence on which the ALJ can rely to deny disability and claimant benefits." [Id. at 23.]

Defendant responds that as previously discussed herein, the ALJ "properly explained why Plaintiff's alleged symptom testimony was inconsistent with the medical and other evidence of record," and the hypothetical question, therefore, "properly captured the elements" of the ALJ's RFC finding. [Id. at 23, 24 (citing AR at 16, 60-61).] He notes that the ALJ actually "presented alternative hypothetical questions that included greater restrictions and still resulted in [light] work at significant numbers at step five." [Id. at 24 (citing AR at 61-62).]

Plaintiff replies that as he set forth in his first issue herein, the ALJ failed to "properly consider the extent of his medical conditions and the resulting combination of impairments and symptoms thereof on his ability to work." [Id.]

Where a hypothetical to a VE does not accurately reflect the RFC, the VE's opinion about jobs in response to the hypothetical question does not constitute substantial evidence to support the ALJ's findings. Simpson v. Berryhill, 717 F. App'x 670, 673 (9th Cir. 2017) (unpublished); 20 C.F.R. § 404.1545. Thus, when the medical evidence establishes, and the ALJ accepts, that the claimant has certain limitations, those limitations must be reflected in the claimant's RFC and in the hypothetical presented to the VE.

For the same reasons discussed by the Court with respect to plaintiff's first issue, the ALJ properly determined plaintiff's RFC and her hypothetical to the VE included those limitations; thus, the ALJ was entitled to rely on the VE's testimony as substantial evidence. Remand is not warranted.

/

## VI.

## <u>CONCLUSION</u>

**IT IS HEREBY ORDERED** that: (1) plaintiff's request for remand is **denied**; and (2) the decision of the Commissioner is **affirmed**.

**IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

**This Memorandum Opinion and Order is not intended for publication, nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

DATED: April 9, 2020

                                                     PAUL L. ABRAMS
                                  UNITED STATES MAGISTRATE JUDGE